J. ONDERWATER & CO. *v.* WAYNE CIRCUIT JUDGE.

JUSTICES OF THE PEACE—AGREEMENT FOR ADJOURNMENT—DELAYED APPEAL.

> Although plaintiff's attorney agreed to an adjournment of the hearing in justice's court upon the payment of $100 by defendant, where the money had not reached him by the return day of the summons, plaintiff had a right to take judgment, but where the money reached him after the judgment was taken and he kept it without notifying defendant that judgment had been taken, and by such action she was prevented from taking an appeal within the statutory period, the circuit court properly allowed an appeal.

Mandamus by Leindert Onderwater and Jan Onderwater, doing business as J. Onderwater & Company, to compel Guy A. Miller, circuit judge of Wayne

county, to set aside an order allowing an appeal from justice's court.   Submitted June 10, 1924.   (Calendar No. 31,449.)   Writ denied July 24, 1924.

*Max Kahn,* for plaintiffs.

*Edward L. Bryant,* for defendant.

WIEST, J.   The circuit judge allowed Minnie Knoch to appeal from a justice's court judgment against her, several weeks after the statutory period for taking an appeal had expired, and we are asked by the judgment creditors to direct the circuit judge to set the order aside.

Suit was brought in the Detroit justice's court, personal service of the summons made, and before judgment there was an agreement between defendant in the suit and the attorney for the plaintiffs that, upon payment of $100 by defendant therein, the hearing would be adjourned.   Defendant therein, in pursuance of the agreement, sent plaintiffs' attorney her check for $100, but it did not reach the attorney before the return day of the summons and judgment was taken.   Four days after judgment the check was received by the attorney for plaintiffs and cashed without any notice that judgment had been taken. After time for taking an appeal had expired an execution was taken out and defendant learned of the judgment, and after waiting some time petitioned the circuit court for leave to appeal, on the ground that she had been led to believe the case would be adjourned if she paid the $100, and she had relied thereon.

The circuit judge held, and we hold, plaintiffs had an undoubted right to take judgment because the $100 had not been received, but the circuit judge also held, and we approve thereof, that plaintiffs had no right to keep the check, after taking the judgment,

without notifying defendant of the judgment so that she could take steps to protect her rights. It is insisted this does not constitute a showing that defendant was prevented from taking an appeal by circumstances beyond her control.

What prevented her from taking an appeal within five days after the judgment? Want of knowledge of the judgment. Why did she not keep watch of the case? Because of the agreement of plaintiffs' attorney and payment to him of $100. She endeavored, by agreement with plaintiffs' attorney, to so arrange matters as to preserve her right to be heard at the trial and through such agreement lost control by way of personal supervision of the case. We cannot say she was careless in relying upon the promise of the attorney and waiting, after sending the check, to hear from him, and in believing, when the check did not come back, that the agreement was being carried out. When plaintiffs' attorney received the check and cashed it plaintiffs were barred from thereafter claiming that defendant was dilatory in looking after the case, at least until notice came to her that the agreement had not been observed.

The writ is denied, with costs to Minnie Knoch.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.